UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEBRAH ARMSTRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-378 |
| | ) | |
| CASEY FURGE, et. al | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

The trial in this case was scheduled to begin on February 27, 2007. On February 26, 2007, the Court held a conference at which it was advised that the Plaintiff had not been in contact with her attorney and her whereabouts were unknown. On February 27, 2007, a conference was held in lieu of trial because the Plaintiff did not appear. The Court vacated the trial setting and ordered the clerk to instruct the jury not to appear. Since that time, the Plaintiff has made no appearance and has had no contact with this Court. The Defendants filed their Motion to Dismiss with Prejudice for Lack of Prosecution and Petition for Expenses on March 9, 2007. The attorney for the Plaintiff filed a notice on March 19, that he had no contact with the Plaintiff and could not respond.

> Rule 41(b) states
>
> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). When a plaintiff fails to appear at the scheduled time for trial and does not give adequate explanation for the unavailability, dismissal with prejudice is appropriate. *Moffitt*

*v. Ill. State Bd. Educ.*, 236 F.3d 868 (7th Cir. 2001). In this case, no motion to continue trial was made. On the day of trial, the clerk was unable to make contact with all the potential jurors, and several made needless trips to the courthouse. The Plaintiff has made no contact with the Court for months. Her failure to appear has made a waste of the time and effort of the Court, the attorneys, and the potential jurors.

For these reasons, the Court dismisses this case with prejudice.

Defendant Justin Henry also seeks reimbursement from the Plaintiff for the $578.13 in costs he incurred traveling from his residence in Tennessee to attend trial. Federal Rule of Civil Procedure 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). The specific costs that are subject to taxation are set forth in 28 U.S.C. § 1920. Section 1920 does not list as a taxable cost travel costs for parties. If the Defendants wish to assert some other basis for assessing Henry's costs against the Plaintiff, or to pursue civil-contempt proceedings, they may request such costs within fourteen days of this Opinion.

**ORDER**

This case is DISMISSED with prejudice, and the Clerk will enter judgment for the Defendants. The Defendants have fourteen days to request costs, including those of Defendant Henry.

SO ORDERED on June 4, 2007.

      /s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT